# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>   Plaintiff,<br><br>  v.<br><br>NOVE PLAZA, LLC, et al.,<br><br>   Defendants. | Case No. 1:17-cv-01746-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO SERVE DEFENDANT NOVE PLAZA, LLC BY SERVING THE CALIFORNIA SECRETARY OF STATE WITHOUT PREJUDICE<br><br>(ECF No. 15) |

## I.

## BACKGROUND

This action was filed on December 26, 2017. (ECF No. 1.) On December 26, 2017, a summons issued as to Defendant Nove Plaza, LLC ("Defendant Nove Plaza") and other defendants. (ECF No. 2.) On April 19, 2018, this action was reassigned to the undersigned due to the retirement of Magistrate Judge Michael J. Seng. (ECF No. 7.) On April 20, 2018, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to serve in compliance with Rule 4(m) and failure to prosecute. (ECF No. 8.) On April 25, 2018, Plaintiff filed a response to the order to show cause and requested thirty days to complete service. (ECF No. 10.) On April 27, 2018, the Court discharged the order to show cause and ordered Plaintiff to effect service of process on Defendant Nove Plaza on or before June 1, 2018. (ECF No. 12.)

On May 16, 2018, Plaintiff filed a request to serve Defendant Nove Plaza by serving the California Secretary of State. (ECF No. 15.)

## II.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service of a limited liability corporation ("LLC") can be made "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Section 17701.16(b) of the California Corporations Code provides that a foreign LLC may be served by "[p]ersonal service of a copy of any process against . . . the foreign limited liability company by delivery (1) to any individual designated by it as agent . . ." Cal. Corp. Code § 17701.16(b). However,

> "if the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against . . . a foreign limited liability company cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made . . . upon a registered foreign limited liability company by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service. Service in this manner shall be deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 17701.16(c).

Section 415.10 of the California Code of Civil Procedure provides for service of a summons by personal delivery to the person to be served.

Section 415.20(a) provides:

> [i]n lieu of personal delivery of the summons to the person to be served[,] . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office, or if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and

> complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents therof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).

The third method of service referenced in Section 17701.16(c) of the California Code of Corporations is Section 415.30(a) of the California Code of Civil Procedure, which provides for service by mail.

## III.

## DISCUSSION

Plaintiff seeks to serve Defendant Nove Plaza in this action by service on the California Secretary of State. Plaintiff contends that she has not been able to serve Defendant Nove Plaza by personal service or its agent of service. For the reasons discussed below, the Court shall deny Plaintiff's request without prejudice.

While Plaintiff cites to California Corporations Code Section 1701, Section 1701 only applies to domestic corporations, and therefore, is inapplicable. Defendant Nove Plaza was organized in Delaware and registered in California as a foreign LLC.[1] Section 17701.16 of the California Code of Corporations applies to limited liability corporations ("LLCs"). Section 17701.16(c) requires that the agent for an LLC be unable to be served with reasonable diligence before service may be made upon the LLC by serving the Secretary of State. The Court looks to Section 415.50 of the California Code of Civil Procedure for guidance on reasonable diligence.

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of Section 415.50, a court must examine the affidavit presented to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 333 (1978); see also Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995) ("The term 'reasonable diligence'... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). The fact that a plaintiff has taken one or a few reasonable steps does not

---

[1] https://businesssearch.sos.ca.gov (last visited May 21, 2018).

necessarily mean that the myriad of avenues have been properly exhausted to warrant service by section 415.50. Donel, 87 Cal. App. 3d at 333.

Plaintiff asserts by declaration that she attempted to serve Defendant Nove Plaza six times through its agent listed with the California Secretary of State, Roy Hifai, and one time at the agent of process listed with the Delaware Secretary of State. However, a review of the affidavit of diligence by the process server indicates that the process server attempted service five times on Mr. Hifai. The attempts were as follows:

| | | |
|---|---|---|
| Saturday | January 27, 2018 | 9:10 a.m. |
| Sunday | January 28, 2018 | 7:10 a.m. |
| Wednesday | January 31, 2018 | 7:50 p.m. |
| Saturday | February 3, 2018 | 10:15 a.m. |
| Sunday | February 4, 2018 | 9:40 a.m. |

(ECF No. 15-3.)

The statement of information filed with the Secretary of State of California on October 1, 2015, indicates that the agent for service of process is Mr. Hifai and it also indicates an address for Mr. Hifai. The only manager or member of Defendant Nove Plaza is Mr. Hifai. The current status of Defendant Nove Plaza is "SOS Forfeited."

The affidavit of diligence indicates that Mr. Hifai's address is a gated home and the process server was unable to gain access. It is unclear if it is also a gated community. It is also unclear if there is a guard at the gate. The process server does not indicate how he attempted to gain access, such as whether he rang a doorbell or intercom or if he waited to see if someone was entering or exiting the gate. The process server also does not indicate whether he could see anyone or any vehicles at the house. He does not state how long he waited during each attempt, except for the January 28, 2018 attempt when he waited for 20 minutes and there was no change.

The Court notes that four of the five attempts occurred during a weekend morning. The weekend attempts were at 9:10 a.m., 7:10 a.m., 10:15 a.m., and 9:40 a.m. The only weekday attempt was at 7:50 p.m. on a Wednesday evening. Having almost all of the attempts on weekend mornings at 10:15 a.m. or earlier does not seem like what "a reasonable person who truly desired to give notice would have [done] under the circumstances." Donel, 87 Cal.App.3d at 333.

Further, Plaintiff's counsel and the process server do not discuss any attempts to serve Mr. Hifai by mail or at his office address. Section 415.30(a) of the California Code of Civil Procedure provides for service by mail. Section 415.20(a) of the California Code of Civil Procedure provides for service by leaving a copy of the summons and complaint at an office. The statement of information filed by Defendant Nove Plaza on October 1, 2015, indicates that the street address of the California office is a different address than the one provided for Mr. Hifai. Plaintiff may be able to complete service on Defendant Nove Plaza by serving Mr. Hifai by mail pursuant to Section 415.30(a) or at his office address pursuant to Section 415.20(a).

For these reasons, the Court finds that Plaintiff has not demonstrated by affidavit that service under the provisions of Sections 415.10, 415.20(a), and 415.30(a) cannot, with reasonable diligence, be made on Defendant Nove Plaza.

**IV.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request to serve Defendant Nove Plaza in this action by service on the Secretary of State is denied without prejudice. The deadline for Plaintiff to effect service of process on Defendant Nove Plaza is June 1, 2018. If an extension of time is necessary, Plaintiff should seek one as soon as practicable.

IT IS SO ORDERED.

Dated:  __**May 22, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE