# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVE PLAZA, LLC, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01746-AWI-SAB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO SERVE NOVE PLAZA AND AUTHORIZING SERVICE BY SERVING SECRETARY OF STATE<br><br>(ECF No. 25)<br><br>DEADLINE: SEPTEMBER 3, 2018 |

**I.**

**BACKGROUND**

This action was filed on December 26, 2017. (ECF No. 1.) On December 26, 2017, a summons issued as to Defendant Nove Plaza, LLC ("Defendant Nove Plaza") and other defendants. (ECF No. 2.) On April 19, 2018, this action was reassigned to the undersigned due to the retirement of Magistrate Judge Michael J. Seng. (ECF No. 7.) On April 20, 2018, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to serve in compliance with Rule 4(m) and failure to prosecute. (ECF No. 8.) On April 25, 2018, Plaintiff filed a response to the order to show cause and requested thirty days to complete service. (ECF No. 10.) On April 27, 2018, the Court discharged the order to show cause and ordered Plaintiff to effect service of process on Defendant Nove Plaza on or before June 1, 2018. (ECF No. 12.)

1

1   On May 16, 2018, Plaintiff filed a request to serve Defendant Nove Plaza by serving the California Secretary of State.  (ECF No. 15.)   On May 22, 2018, the Court denied Plaintiff's request finding that she had not demonstrated due diligence in serving Nove Plaza.  (ECF No. 16.)  Plaintiff received an extension of time to serve Nove Plaza on June 1, 2018.  (ECF No. 19.)  On July 2, 2018, Plaintiff filed a request for an extension of time to serve Nove Plaza.  (ECF No. 25.)

## II.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service of a limited liability corporation ("LLC") can be made "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Section 17701.16(b) of the California Corporations Code provides that a foreign LLC may be served by "[p]ersonal service of a copy of any process against . . . the foreign limited liability company by delivery (1) to any individual designated by it as agent . . ."  Cal. Corp. Code § 17701.16(b).  However,

> "if the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against . . . a foreign limited liability company cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made . . . upon a registered foreign limited liability company by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service.  Service in this manner shall be deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 17701.16(c).

Section 415.10 of the California Code of Civil Procedure provides for service of a summons by personal delivery to the person to be served.

Section 415.20(a) provides:

> [i]n lieu of personal delivery of the summons to the person to be served[,] . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office, or if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents therof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).

The third method of service referenced in Section 17701.16(c) of the California Code of Corporations is Section 415.30(a) of the California Code of Civil Procedure, which provides for service by mail.

## III.

## DISCUSSION

In the prior order denying Plaintiff's motion to serve Defendant Nove Plaza by service on the Secretary of State, the Court found that Defendant Nove Plaza was organized in Delaware and registered in California as a foreign LLC.[1] Therefore, Section 17701.16 of the California Code of Corporations which applies to service on limited liability corporations ("LLCs") governs service in this instance. Section 17701.16(c) requires that the agent for an LLC be unable to be served with reasonable diligence before service may be made upon the LLC by serving the Secretary of State. The Court looks to Section 415.50 of the California Code of Civil Procedure for guidance on reasonable diligence.

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of Section 415.50, a court must examine the affidavit presented to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal.App.3d 327, 333 (1978); see also Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995) ("The term 'reasonable diligence'... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent

---

[1] https://businesssearch.sos.ca.gov (last visited May 21, 2018).

or attorney."). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that the myriad of avenues have been properly exhausted to warrant service by section 415.50. <u>Donel</u>, 87 Cal. App. 3d at 333.

The statement of information filed with the Secretary of State of California on October 1, 2015, indicates that the agent for service of process is Mr. Hifai and it also indicates an address for Mr. Hifai. The only manager or member of Defendant Nove Plaza is Mr. Hifai. The current status of Defendant Nove Plaza is "SOS Forfeited." In the order denying Plaintiff's request to effect service by serving the Secretary of State, the Court found that Plaintiff had not demonstrated due diligence because the affidavit filed did not include sufficient information regarding the attempts to serve and the attempts themselves were timed such that it did not seem like what "a reasonable person who truly desired to give notice would have [done] under the circumstances." <u>Donel</u>, 87 Cal.App.3d at 333.

In Plaintiff's current request for an extension of time, she states that the Court required all service attempts to be made during the week. However, the prior issue was not that there had not been attempts made during the week, but that attempting to serve only on the weekend early in the morning or late at night did not seem calculated to actually effectuate service in the circumstances presented here, where there was a gate that was precluding access to the residence.

Plaintiff's current request demonstrates that she has attempted to serve Nove Plaza through the agent of process listed with the Delaware Secretary of State and was informed that that named agent was no longer employed as the registered agent for service of process. (Sec. Request for Ext. of Time to Serve Def. ¶¶ 5, 6.)

Plaintiff has also attempted to serve Defendant Nove Plaza at the business address, however Defendant Nove Plaza has no physical address. (<u>Id.</u> at ¶ 12.) The only address listed is the shopping center that is the subject of this lawsuit and Plaintiff has been informed by the business owner that Defendant Nove Plaza is an absent landlord. (<u>Id.</u> ¶¶ 10, 12.) The business owner stated that he would attempt to have Defendant Nove Plaza appear in the lawsuit, but no further information has been received. (<u>Id.</u> ¶ 10.)

Plaintiff also attempted to serve Mr. Hifai, the agent of service in California, at his

business address, but there is only a post office box listed for his business. (Id. ¶ 11.) On June 2, 2018, Plaintiff mailed a copy of the Notice of lawsuit and request to waive service to Mr. Hifai's post office box and home address. (Id. ¶¶ 17, 18.) Plaintiff has had her process server make additional attempts at service. (Id. ¶ 14.) Twelve more attempts at service have been made at various times on various dates. (Affidavits of Reasonable Diligence 25-1.) The process server indicates that the community is gated and there is an intercom to reach the residences, but it is numeric and he does not have a code to gain access. (Id.) The process server waited at least five minutes on each occasion and was unable to gain access to the community. (Id.) Further, it appears that the homes within the gated community are also gated. (Id.)

Plaintiff has demonstrated due diligence in attempting to serve Defendant Nove Plaza. The Court grants Plaintiff's request for an extension of time to serve Defendant Nove Plaza. Further, if Defendant Nove Plaza does not return the waiver of service within thirty days of the date of service, Plaintiff's request to serve Defendant Nove Plaza by serving the Secretary of State is granted.

## IV.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to for an extension of time to serve Defendant Nove Plaza is GRANTED; and

2. If Defendant Nove Plaza does not return the waiver of service within thirty days of the date of service, Plaintiff's request to serve Defendant Nove Plaza by delivering the service documents to the Secretary of State is GRANTED.

IT IS SO ORDERED.

Dated: **July 3, 2018**

_____
UNITED STATES MAGISTRATE JUDGE