# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOVE PLAZA, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01746-AWI-SAB<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS SHELLY ANN DIEDRICH AND RAYMOND EDWARD JURSNICH<br><br>(ECF Nos. 38-44) |

Currently before the Court is a motion by Duggan Law Corporation ("DLC") to withdraw as counsel of record for Defendants Shelly Ann Diedrich ("Diedrich"), and Raymond Edward Jursnich ("Jursnich"), and to stay this action in the interim.[1] (ECF No. 38.) Neither the Plaintiff, the client Defendants Diedrich and Jursnich, nor other Defendant Nove Plaza, LLC,[2] filed any opposition to the motion to withdraw.

The Court heard oral arguments on October 24, 2018. Christina Bucci ("counsel Bucci") and Laura McHugh ("counsel McHugh"), of the law firm DLC, appeared for Defendants Diedrich and Jursnich. Neither Defendant Nove Plaza, LLC, nor Plaintiff made an appearance. Having considered the moving papers, the declarations attached thereto, arguments presented at the October 24, 2018 hearing, as well as the Court's file, the motion to withdraw as attorney is

---

[1] The Court notes that counsel did not submit an *ex parte* application for an order shortening time to hear the motion to stay the matter pending resolution of the motion for withdrawal. Such motion for a stay is now moot.

[2] Despite repeated extensions granted to serve Defendant Nove Plaza, LLC, culminating in an order by the Court authorizing service by serving the Secretary of State (ECF Nos. 12, 19, 26), it appears that Nove Plaza, LLC, has not been served nor appeared in this matter.

1

1 granted.

# I.
# BACKGROUND

Plaintiff initiated this action on December 26, 2017 (ECF No. 1), and on May 2, 2018, Plaintiff filed a first amended complaint, the operative complaint. (ECF No. 13.) Plaintiff brings claims against Defendants Nove Plaza, LLC, Diedrich, and Jursnich, alleging violation of the Americans With Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act. (Id.)

A scheduling order has been issued in this matter, and trial has been set for May 7, 2019. (ECF No. 33.) A notice of settlement has been filed, and the Court ordered Plaintiff to file dispositive documents regarding settlement by October 16, 2018. (ECF Nos. 34-37.) As of the date of this order, Plaintiff has not filed such dispositive documents.

On September 26, 2018, DLC filed the instant motion to withdraw as counsel of record for Defendants Diedrich and Jursnich, and to stay this action in the interim. (ECF No. 38.) An amended notice of motion was filed to correct the time of the hearing. (ECF No. 39.) Pursuant to the Court's order, DLC then filed a second amended notice of motion in order to correctly specify that the hearing was to take place at the above entitled Court located at 2500 Tulare St., Fresno, CA 93721, rather than the Sacramento location. (ECF Nos. 40-41.) In addition, pursuant to the Court's order, DLC filed a proof of service demonstrating service of the second amended notice of motion upon DLC's clients Diedrich and Jursnich. (ECF Nos. 42-43.) Finally, on October 22, 2018, DLC filed a reply brief to non-opposition to motion for leave to withdraw as counsel. (ECF No. 44.)

# II.
# LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California. See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. of Professional Conduct Rule 3-700(A)(1). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. of Professional Conduct 3-700(A)(2). Grounds for withdrawal exist when "[t]he client knowingly and freely assents to termination of the employment." Cal. R. of Professional Conduct 3-700(C)(5).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client in propria persona, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared. L.R. 182(d). The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Id.

It is within the Court's discretion whether to grant withdrawal. L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id. (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4). Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

## III.

## DISCUSSION

In this instance, counsel has complied with the substantive and procedural requirements for withdrawal in this matter.

It appears that the clients have "knowingly and freely assent[ed] to termination of the employment" of their counsel, DLC. See Cal. R. of Professional Conduct 3-700(C)(5). On September 24, 2018, Diedrich and Jursnich contacted DLC via email stating they no longer

1 wished to retain DLC as counsel in this matter, and that they would proceed in properia persona.
2 (Decl. of Jennifer E. Duggan ("Duggan Decl.") ¶ 5, ECF No. 38.) Counsel indicates that this
3 request followed "strained communication" that "created an irreparable breakdown of the
4 attorney-client relationship." (Duggan Decl. ¶ 11.) Although counsel's declaration does not
5 provide specific details as to why the relationship is irreparable or why the parties desire to
6 proceed without representation, counsel states that further details regarding the clients' desire to
7 proceed in properia persona can be provided to the Court in camera. (Duggan Decl. ¶ 6.)

8 At the October 24, 2018 hearing, the Court inquired whether there had been recent
9 communications between DLC and the clients. Counsel Bucci stated at the hearing that DLC
10 tried to make contact multiple times with the clients, however the clients have not responded to
11 any attempted communications.

12 Counsel states that reasonable steps to avoid foreseeable prejudice to Diedrich and
13 Jursnich have been taken, including emailing notice to the clients that DLC intended to file the
14 instant motion to withdraw as counsel, as well as contacting opposing counsel to provide notice
15 and to discuss any ongoing discovery while the motion is pending. (Duggan Decl. ¶ 7-9.)
16 Additionally, and in compliance with the Local Rules, DLC has provided the mailing address of
17 Diedrich and Jursnich in the declaration attached to the instant motion, and confirmed that the
18 moving papers, and amended notice of motion, were served on both clients. (Duggan Decl. ¶ 14;
19 Proof of Service, ECF No. 43.)

20 In deciding this motion, the Court may also consider whether the withdrawal would cause
21 prejudice to other litigants, harm to the administration of justice, or delay to the resolution of the
22 case. DLC contacted opposing counsel regarding this motion, and declares that there was no
23 objection to such withdrawal. (Duggan Decl. ¶ 9, 12.) DLC does however note that Plaintiff's
24 counsel stated an intent to proceed with discovery, by way of a site visit, despite DLC's request
25 to suspend discovery while the motion to withdraw is pending. (Duggan Decl. ¶ 10.) DLC
26 admits that while there are currently no pending discovery requests or law and motion matters,
27 "Plaintiff may need to request that the discovery cutoff be continued." (Duggan Decl. ¶ 12-13.)

28 At the October 24, 2018 hearing, the Court inquired about the status of discovery and

counsel Bucci confirmed that no discovery has been propounded or is outstanding at this time. The Court also inquired whether Rule 26 disclosures had been made, and counsel Bucci stated that such disclosures had not been made. Counsel Bucci indicated that the Rule 26 disclosures were put on hold while it seemed a settlement was reached, however counsel states that such settlement now appears to have fallen apart.

Despite the Court's concerns about approaching discovery deadlines in light of the breakdown in settlements, DLC has provided adequate grounds for withdrawal, including the desire of the clients to terminate the attorney-client relationship, and the breakdown in communication with the clients. In addition, DLC followed the procedural requirements for withdrawal, and no apparent prejudice to the other litigants, harm to the administration of justice, or delay to the resolution of the matter is present.

The parties are advised that based on the representation that no discovery has been conducted, any requests to amend the scheduling order must demonstrate good cause and be filed prior to the expiration of the deadline to be extended.

**IV.**

**CONCLUSION AND ORDER**

Counsel has followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw from representation of Diedrich and Jursnich. Thus, the Court is acting within its discretion to grant the motion to withdraw. As a final matter, due to the apparent breakdown in the settlement process confirmed by counsel at the October 24, 2018 hearing, Plaintiff is no longer required to file dispositive documents as required by previous order of this Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Duggan Law Corporation's motion to withdraw as counsel of record as to Defendant Shelly Ann Diedrich is GRANTED;
2. Duggan Law Corporation's motion to withdraw as counsel of record as to Defendant Raymond Edward Jursnich is GRANTED;
3. The Clerk of the Court is DIRECTED to terminate Duggan Law Corporation as

attorney of record for Defendant Shelly Ann Diedrich in this action;

4. The Clerk of the Court is DIRECTED to terminate Duggan Law Corporation as attorney of record for Raymond Edward Jursnich in this action;

5. The motion to stay this action in the interim is DENIED as moot;

6. Plaintiff is no longer required to file dispositive documents within sixty (60) days of the August 17, 2018 order (ECF No. 37); and

7. The Clerk of the Court is DIRECTED to serve a copy of this order on Defendants Shelly Ann Diedrich and Raymond Edward Jursnich at 2650 Ross Drive, Valley Springs, California 95252.

IT IS SO ORDERED.

Dated: **October 24, 2018**

UNITED STATES MAGISTRATE JUDGE