# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>    Plaintiff,<br><br>v.<br><br>NOVE PLAZA, LLC, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01746-AWI-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT NOVE PLAZA SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO SERVE<br><br>FIVE-DAY DEADLINE |

    Plaintiff Cynthia Hopson filed this action against Defendants Nove Plaza LLC, Shelly Ann Diedrich, and Raymond Edward alleging violation of the Americans With Disabilities Act and state law claims on December 26, 2017. This action has had a long and complicated his history in the Court. The Court only addresses the history as it pertains to the issue to be addressed here, service on Defendant Nove Plaza.

    This case was reassigned to the undersigned due to the retirement of the previous magistrate judge on April 19, 2018. (ECF No. 7.) On April 20, 2018, an order issued requiring Plaintiff to show cause why Defendant Nove Plaza should not be dismissed from this action for failure to serve in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 8.) Plaintiff filed a response to the order to show cause on April 25, 2018, and was granted an extension of time until June 1, 2018, to serve Defendant Nove Plaza. (ECF Nos. 10, 11.)

    On May 16, 2018, Plaintiff filed a request to serve Defendant Nove Plaza by serving the California Secretary of State. (ECF No. 15.) On May 22, 2018, an order issued finding that Plaintiff had not demonstrated that service could not be made on Defendant Nove Plaza using

1

reasonable diligence and denying the request without prejudice. (ECF No. 16.) On June 1, 2018, the Court granted Plaintiff's second request for an extension of time to serve Defendant Nove Plaza. (ECF Nos. 18, 19.)

On July 2, 2018, Plaintiff filed a third request for an extension of time to serve Defendant Nove Plaza. (ECF No. 25.) On July 3, 2018, the Court granted Plaintiff's request for an extension of time to serve and also authorized service by serving the Secretary of State if Defendant Nove Plaza did not return the waiver of service within thirty days. (ECF No. 26.)

On July 12, 2018, a joint status report was filed that did not address the status of Defendant Nove Plaza. (ECF No. 28.) On August 16, 2018, Plaintiff filed a notice that this case had settled, and an order issued requiring dispositive documents to be filed within sixty days. (ECF Nos. 35, 37.)

On September 27, 2018, the attorney for Defendants Diedrich and Jursnich filed a motion to withdraw as counsel in this action. (ECF No. 38.) An amended motion was filed on September 28, 2018. (ECF No. 39.) On October 25, 2018, counsel's motion to withdraw in this action was granted. (ECF No. 40.) As addressed in the order granting the motion to withdraw, the settlement in this action fell apart and the defendants were to proceed pro se in this action. (Id.)

Plaintiff was ordered in the December 26, 2017 order setting the mandatory scheduling conference to promptly file proofs of service of the summons and complaint in this action. (ECF No. 3.) Plaintiff has not filed a proof of service showing that Defendant Nove Plaza has been served in this action, Defendant Nove Plaza has not appeared, nor has Plaintiff filed a request for entry of default.

Service in this action is Governed by Rule 4 of the Federal Rules of Civil Procedure which provides that

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the Court has provided ample opportunity for Plaintiff to serve

1 | Defendant Nove Plaza and it would appear that the defendant has not been served.

2 |     Pursuant to the scheduling order issued on July 17, 2018, discovery in this action has
3 | closed and the dispositive deadline has passed and this action should be ready to proceed to trial.
4 | (ECF No. 33.) Therefore, the Court shall require Plaintiff to show cause why Defendant Nove
5 | Plaza should not be dismissed from this action.

6 |     Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing
7 | within **five (5) days** of the date of entry of this order why Defendant Nove Plaza should not be
8 | dismissed for failure to effect service of process as required by Rule 4(m) of the Federal Rules of
9 | Civil Procedure. Plaintiff is advised that failure to show cause will result in the dismissal of
10 | Defendant Nove Plaza from this action for failure to serve.

IT IS SO ORDERED.

Dated: **February 1, 2019**

UNITED STATES MAGISTRATE JUDGE

3