# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>    Plaintiff,<br><br>v.<br><br>NOVE PLAZA, LLC, SHELLY ANN DIEDRICH, RAYMOND EDWARD JURSNICH,<br><br>    Defendants. | CASE NO. 1:17-cv-01746-AWI-SAB<br><br>**ORDER DISMISSING DEFENDANT NOVE PLAZA, LLC** |

    This lawsuit is about a disabled woman who was denied full and equal access to a public accommodation at a business establishment. The disabled woman is Plaintiff Cynthia Hopson, and the operators and owners of the business establishment are Defendants Shelly Diedrich, Raymond Jursnich, and Nove Plaza, LLC ("Nove Plaza"). See Doc. No. 13. Nove Plaza is, according to Hobson, a Delaware business entity that is registered with the California Secretary of State as a foreign limited liability company. See, e.g., Doc. No. 10.

    The Court will dismiss without prejudice Hopson's causes of action against Nove Plaza pursuant to Fed. R. Civ. P. 4(m) for the reasons discussed below.

## I. Background

    On December 26, 2017, Hopson filed her complaint against Nove Plaza, pleading causes of action for violations of the American with Disabilities Act ("ADA"), the California Unruh Civil Rights Act, and California Civil Code § 54. See Doc. No. 1. On the same day, the Clerk of Court issued a summons for Nove Plaza, see Doc. No. 2, and the Court ordered Hobson to "diligently

pursue service of the summons and complaint" and "promptly file proofs of service" after service was effectuated. Doc. No. 3 at 2.

By April 20, 2018, Hopson had not served Nove Plaza. Accordingly, on that date, the Court ordered Hobson to show cause why Hobson's causes of action should not be dismissed against Nove Plaza pursuant to Fed. R. Civ. P. 4(m), which reads, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); see also Doc. No. 8.

Hopson's attorney filed a declaration in response to the order to show cause. See Doc. No. 10. Hopson's attorney declared that Hopson had made multiple attempts — all unsuccessful — to serve Nove Plaza's agent in California. Hopson's attorney then declared that he recently realized that Nove Plaza is a Delaware entity, not a California entity. Based on that realization, Hobson's attorney asked the Court for additional time to serve Nove Plaza's agent in Delaware.

On April 27, 2018, the Court granted Hobson's request for additional time to serve Nove Plaza. See Doc. No. 12. The Court discharged the order to show cause and ordered Hobson to serve Nove Plaza by June 1, 2018. See id.

On May 16, 2018, Hobson asked the Court an order allowing Hobson to serve Nove Plaza by delivering a copy of the summons and complaint to the California Secretary of State. See Doc. No. 15. The Court denied the request because Hobson had failed to demonstrate, as required by California law, that service had been first attempted with reasonable diligence by alternative statutory means, such as by mail or by leaving a copy of the summons at the agent's office during usual office hours. See Doc. No. 16 (citing Cal. Corp. Code § 17701.16(c)). The Court also reminded Hobson that the deadline to serve Nove Plaze was June 1, 2018. Id.

On May 31, 2018, Hobson asked the Court for another extension of time to serve Nove Plaza. See Doc. No. 18. The Court granted the request and ordered Hobson to serve Nove Plaza by July 2, 2018. See Doc. No. 19.

| | |
|---|---|
| 1 | On July 2, 2018, Hobson asked the Court for another extension of time to serve Nove |
| 2 | Plaza. See Doc. No. 25. The Court granted the request. See Doc. No. 26. |

On July 2, 2018, Hobson asked the Court for another extension of time to serve Nove Plaza. See Doc. No. 25. The Court granted the request. See Doc. No. 26.

On August 16, 2018, Hobson filed a notice with the Court, stating that "the lawsuit has been settled." Doc. No. 35. In response, the Court issued an order on August 17, 2018, requiring Hobson to file dispositive documents of the settlement within sixty days of the order, which was October 16, 2018. See Doc. No. 37.

On September 27, 2018, the attorney for Diedrich and Jursnich filed a motion to withdraw as counsel. See Doc. No. 38. The Court held a hearing on the motion to withdraw on October 24, 2018. At the hearing, the Court was informed by the attorney for Diedrich and Jursnich that the previously-noticed settlement had fallen apart. See Doc. No. 47.

By February 1, 2019, Hobson had still not served Nove Plaza. Accordingly, on that date, the Court ordered Hobson to show cause why Hobson's causes of action against Nove Plaza should not be dismissed due to Hobson's failure to serve Nove Plaza. See Doc. No. 48. Hobson filed a one-sentence response to the Court's order to show cause, which read: "Plaintiff asks this Honorable Court not to dismiss defendant, Nove Plaza, LLC, yet, as Plaintiff intends on dismissing the entire case and is simply 'wrapping up a few loose ends.'" Doc. No. 49.

On February 11, 2019, the Court issued an order addressing Hobson's one-sentence response. The Court stated that Hobson's one-sentence response missed the mark because the "response does not address service of Defendant Nove Plaza," as was required by the order to show cause. Doc. No. 50. The Court then ordered Hobson to file by March 5, 2019, "a further response to the order to show cause" on the specific issue of the "status of service of Defendant Nove Plaza." Id. The Court stated that if a notice of settlement was filed before March 5, 2019, then Hobson did not need to file a further response to the order to show cause. Id.

Today is March 6, 2019, which is approximately 435 days since Hobson filed her original complaint against Nove Plaza. To date, (1) Hobson has not served Nove Plaza with process; (2) a current notice of settlement has not been filed with the Court; and (3) Hobson has failed to provide the Court with a "further response" to the order to show cause, which the Court expressly and

3

unequivocally ordered Hobson to do. See Doc. No. 50 ("[I]t is hereby ordered that Plaintiff shall file a further response to the order to show cause . . . if a notice of settlement has not been filed.").

## II. Discussion

Untimely service of process is governed by Fed. R. Civ. P. 4(m), which permits a district court to dismiss the plaintiff's causes of action against the defendant if the defendant is not timely served with process, absent good cause:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

According to the Ninth Circuit, Rule 4(m) requires a two-step analysis in deciding whether to extend the prescribed period of time for service of process: "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted); see also Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.) ("Many courts, therefore, have framed these two aspects of Rule 4(m) as a two-step test for deciding whether to dismiss a complaint for failure to serve within the specified time.").

The plaintiff can show good cause through the following factors: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Lemoge v. United States, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009). If good cause is not shown, then "the district court may extend time for service upon a showing of excusable neglect." Id. at 1198.

Here, Hobson has failed to <u>even attempt</u> to show good cause or excusable neglect for her failure to serve Nove Plaza by now. Hobson did not provide the Court with a meaningful response to the Court's order to show cause from February 1, 2019, despite being ordered to do so and despite being given additional time to do so. Consequently, there is no evidence or even

4

suggestion currently before the Court that Nove Plaza received actual notice of this lawsuit, that Nove Plaza would suffer no prejudice if the service period were extended yet again, or that Hobson would be severely prejudiced if her claims against Nove Plaza were dismissed.

In the past, the Court exercised its discretion to grant Hobson <u>multiple</u> extensions to the service period. But now, the Court will neither grant another extension nor reward Hobson for her failure to comply with the Court's recent order to show cause. <u>See</u> Doc. Nos. 48, 50. Instead, the Court will dismiss without prejudice Hobson's causes of action against Nove Plaza pursuant to Fed. R. Civ. P. 4(m).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that all of Plaintiff Cynthia Hopson's causes of action in this lawsuit against Defendant Nove Plaza, LLC are dismissed without prejudice.

IT IS SO ORDERED.

Dated:   March 6, 2019                              _____
                                                    SENIOR DISTRICT JUDGE

5