UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVE PLAZA, LLC, SHELLY ANN DIEDRICH, RAYMOND EDWARD JURSNICH,<br><br>    Defendants. | CASE NO. 1:17-cv-01746-AWI-SAB<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

The pretrial conference in this lawsuit is currently scheduled for March 13, 2019, and the parties have had notice of this scheduled conference since July 17, 2018, which is when the Court issued its scheduling order. See Doc. No. 33. In the scheduling order, the Court ordered the parties to file a joint pretrial statement pursuant to Local Rule 281(a)(2), which requires the parties to file a joint pretrial statement "not less than seven days before the date set by the Court for the holding of the final pretrial conference." LR 281(a)(2). Additionally, the Court directed the parties' attention to Local Rules 281 and 282 and told the parties that the Court "insist[s] upon strict compliance with those rules." Doc. No. 33 at 6.

The parties were required to file their joint pretrial statement by yesterday, March 6, 2019, pursuant to the Court's scheduling order and Local Rule 281(a)(2). But the parties failed to do so, providing the Court with no explanation as to why. The parties' failure to file their joint pretrial statement, aside from manifesting a disregard for the Court's scheduling order and Local Rules,

causes problems for the Court: the efficacy of a pretrial conference and the Court's ability to craft a suitable pretrial order are substantially impaired when the parties fail to file a pretrial statement.

This is not the first time in this lawsuit that Plaintiff Cynthia Hobson has failed to comply with the Court's orders. On February 1, 2019, the Court ordered Plaintiff to show cause why Plaintiff's causes of action against Defendant Nove Plaza, LLC ("Nove Plaza") should not be dismissed due to Plaintiff's failure to timely serve Nove Plaza with process. See Doc. No. 48. Plaintiff filed a one-sentence response to the Court's order to show cause, but the paltry response failed to address the Court's concerns about the lack of timely service of process on Nove Plaza. See Doc. No. 49. Consequently, on February 11, 2019, the Court ordered Plaintiff to file by March 5, 2019, "a further response to the order to show cause" on the specific issue of the "status of service of Defendant Nove Plaza." Doc. No. 50. The deadline for Plaintiff to file her "further response," March 5, 2019, came and went, and Plaintiff failed to provide the Court with the ordered response. Due to both (1) Plaintiff's failure to timely serve Nove Plaza and (2) Plaintiff's failure to even attempt to show good cause or excusable neglect for her failure to timely serve Nove Plaza, the Court dismissed Plaintiff's causes of action against Nove Plaza pursuant to Fed. R. Civ. P. 4(m). See Doc. No. 51.

In sum, Plaintiff has violated multiple court orders and rules, including those governing the filing of the pretrial statement, and Plaintiff has displayed a lack of reasonable diligence in prosecuting her claims. Consequently, the Court will order Plaintiff to show cause why her remaining causes of action should not be dismissed due to her failure to comply with the Court's orders and rules and apparent failure to diligently prosecute her claims. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); see also Chatman v. Johnson, 389 F. App'x 627, 628 (9th Cir. 2010) ("The district court did not abuse its discretion by dismissing [the plaintiff's] action for failure to prosecute after warning [the plaintiff] to comply with its orders to file a pretrial statement and weighing the pertinent factors."); Famous v. Pollard, 449 F. App'x 515, 519 (7th Cir. 2011) ("But dismissal with prejudice is appropriate when a plaintiff fails to serve a defendant with a summons . . . .").

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The pretrial conference scheduled for March 13, 2019, is **VACATED** and will be rescheduled, if necessary, after the resolution of this order to show cause; and

2. Plaintiff Cynthia Hopson shall **SHOW CAUSE** in writing by Friday, March 15, 2019, as to why her remaining causes of action should not be dismissed due to her failure to comply with the Court's orders and rules and her apparent failure to diligently prosecute her causes of action.

IT IS SO ORDERED.

Dated:   March 7, 2019                                   _____
                                                          SENIOR DISTRICT JUDGE